UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| GLENN DICKSON, individually, and on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>RHEEM MANUFACTURING COMPANY, a Delaware corporation, and DOES 1 through 10 inclusive,<br><br>        Defendants. | Case No. 2:23-cv-01812-MCE-AC<br><br>**ORDER GRANTING JOINT STIPULATION TO VOLUNTARILY DISMISS PUTATIVE CLASS CLAIMS, WITHOUT PREJUDICE, PURSUANT TO F.R.C.P. 23(e), 41(a)(1) AND STAY THE ACTION UNTIL THE PARTIES VOLUNTARILY DISMISS THE INDIVIDUAL CLAIMS AND COMPLAINT WITH PREJUDICE** |

On August 24, 2023, Defendant Rheem Manufacturing removed this action from the County of Sacramento Superior Court. [Dkt. No. 1.]  Shortly thereafter, the Parties informed the Court they would be attending mediation on April 2, 2024, and submitted a stipulation to stay the action and continue the deadlines for Defendant to respond to the Complaint and for Plaintiff to file a motion to remand until May 17, 2024; this Court granted the stipulation on September 6, 2023. [Dkt. No. 5.]  On May 3, 2024, the Parties filed a Notice of Settlement, informing the Court that the Parties settled the matter at mediation on April 2, 2024 and are in the midst of

satisfying their duties as mandated by the settlement agreement. This Court notes that Defendant has not filed an answer or otherwise responded to the Complaint, no scheduling conference has taken place, the class has not been certified nor is certification being proposed for purposes of settlement.

Now pending before the Court is the Parties' Joint Stipulation to Dismiss the Putative Class Claims, Without Prejudice, and Continue Stay as to Plaintiff's Individual Claims. The Parties seek only to stay the action until they file a stipulation to dismiss the individual claims and Complaint, <u>with prejudice,</u> on or before May 30, 2024. The Parties further request that this Court vacate the May 17th deadline for Defendant to respond to the Complaint and for Plaintiff to file a motion to remand.

In a class action, court approval to dismiss class claims may be required under Rule 23(e) and Rule 41(a)(2) if a case has been certified and the defendant has made a general appearance in the action; however, on December 1, 2003, Rule 23(e) was amended to require court approval only if the class has been certified, or if the parties are seeking certification. *See* Advisory Committee Note to F.R.C.P. 23(e); *see also*, *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007).

As noted above, Defendant has not responded to the Complaint, the case has not convened for a scheduling conference, Plaintiff has not sought certification nor is certification being proposed for purposes of settlement, and the proposed dismissal without prejudice does affect putative class members' claims. Thus, under these circumstances, Rules 23(e) and 41(a)(1)(A)(i) do not require further Court approval to dismiss the putative class claims. The Court further finds that it is in the interest of judicial economy to stay the action until the Parties dismiss the individual claims, which will terminate the case in its entirety.

Accordingly, the Parties' joint stipulation to dismiss the putative class claims, without prejudice, and stay the action as to Plaintiff's individual claims is hereby **GRANTED**. Pursuant to the stipulation, the Court **ORDERS** the following:

(1) the Parties shall file a joint stipulation to dismiss Plaintiff's individual claims and

Complaint, with prejudice, on or before May 30, 2024;

(2) the stay shall remain in effect until May 30, 2024, or until the Parties dismiss the individual claims and Complaint with prejudice, whichever is sooner;

(3) the May 17, 2024 deadline for Defendant to respond to the Complaint and/or for Plaintiff to file a motion to remand is HEREBY VACATED; and,

(4) the Clerk of the Court is HEREBY DIRECTED to adjust the docket to reflect voluntary dismissal of the putative class claims pursuant to Rule 41(a)(1)(A)(i); however, the Clerk of the Court shall not close the case until the individual claims and Complaint are dismissed.

IT IS SO ORDERED.

Dated:  May 9, 2024

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE